<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
ANDREW WALZER                            :
                                         :
        Plaintiff,                       :
                                         :   Civ. No. 04-5672 (DRD)
        v.                               :
                                         :
MURIEL SIEBERT & CO., INC.,              :   OPINION
NATIONAL FINANCIAL SERVICES LLC,         :
GERARD KOSKE, RONALD BONO, &             :
MURIEL SIEBERT                           :
                                         :
        Defendants                       :
                                         :
------------------------------------------------------------x

Mr. Andrew Walzer
771 Bradley Parkway
Blauvelt, New York 10913

28 E. Sheffield Ave., D5
Englewood, New Jersey 07631

        *Pro Se* Plaintiff

Morrill J. Cole, Esq.
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800

        Attorneys for Defendants Muriel Siebert & Co., Inc., Gerard Koske, Ronald Bono, and Muriel Siebert

Rebecca Tapie, Esq.
Alyson Weckstein Tiegel, Esq.

1

BROWN, RAYSMAN, MILLSTEIN, FELDER & STEINER, LLP
163 Madison Avenue
P.O. Box 1989
Morristown, New Jersey 07062-1989

900 Third Avenue
New York, New York 10022

      Attorneys for Defendant National Financial Services, LLC

**DEBEVOISE, Senior District Judge**

      Presently before the Court is *pro se* Plaintiff's, Andrew Walzer, motion, pursuant to FED.R.CIV.P. 59(e) and L.CIV.R. 7.1(g), requesting the Court to reconsider its grant of dismissal of his complaint pursuant to the doctrine of *res judicata* and collateral estoppel. Plaintiff also moves for an extension of time to file his appeal of this Court's June 30, 2005 order in the Court of Appeals, and for an emergency adjournment for extension of time to file a reply and/or bar defendants' replies two weeks after the original return date. For the reasons set forth below, the Court will deny Plaintiff's motions and issue an order clarifying the terms of its dismissal contained in the June 30, 2005 order.

I. Background

      This action arises out of alleged issuance of improper margin calls resulting in the sale of securities in Plaintiff's account with Defendant Siebert & Co., Inc. The facts relevant to the original motion to dismiss and to Plaintiff's present motion for reconsideration were recounted in the Court's June 30, 2005 Opinion ("Opinion"), and there is no need to repeat them here. Plaintiff moves for reargument of the Court's June 30, 2005 order granting Defendants' motion to dismiss his Complaint and dismissing the Complaint with prejudice and denying Plaintiff's

motions to amend the Complaint, withdraw as *pro se* and have an attorney without prejudice to his right to designate an attorney to represent him in the action at any time, for additional time to answer Defendants' motion, to adjourn Defendants' motion, for sanctions, and for default judgment. *See* June 30, 2005 Order.

## II. Discussion

In New Jersey, a motion for reconsideration or reargument is governed by L.CIV.R. 7.1(g). Whether to grant a motion for reconsideration is wholly within the district court's discretion. *Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *Artista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 415 (D.N.J. 2005); *Williams v. Sullivan*, 818 F.Supp. 92, 93 (D.N.J. 1993). The standard a party must meet to succeed on a motion for reconsideration is quite high; and success on the motion is to correct manifest errors of law or fact, to present newly discovered evidence, *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), or where facts or legal authority were presented but overlooked. *Croker v. Boeing Co.*, 662 F.2d; *Artista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d at 415; *Williams v. Sullivan*, 818 F.Supp. at 93. Motions for reconsideration are granted sparingly, *Bowers v. NCAA*, 130 F.Supp. 2d 610 (D.N.J. 2001), and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered. *McGarry v. Resolution Trust Corp.*, 909 F. Supp. 241, 244 (D.N.J. 1995). A motion for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). On a motion for reconsideration, it is improper for a

party to "ask the court to rethink what it had already thought through--rightly or wrongly," *In re Tutu Wells Contamination Litig.*, 162 F.R.D. 81, 88 (D.V.I. 1995), and "in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 744 F.Supp. 1311, 1314 (D.N.J. 1990).

Pursuant to L.Civ.R. 7.1(g), "[a] motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge…" In this case, the Court entered its order and opinion on June 30, 2005, and Plaintiff filed for reargument on July 18, 2005. This Court has held that "the time period to file a motion for reconsideration begins to run after the entry of the order or judgment, not upon service of receipt", *Werner v. Terhune*, Civ. No. 93-4798 (Letter Opinion Filed March 26, 1999); however, it will entertain Plaintiff's arguments despite the untimely filing of this motion.

Plaintiff submits numerous papers, many arguments in support of his motion for reargument. Based on the papers he submitted, Plaintiff appears to be moving for reargument on the second and third grounds for ordering reconsideration.

A.  <u>Evidence not previously available has become available.</u>

Evidence available at the time of original decision will not be considered on a motion for reconsideration. *See Damiano v. Sony Music Entertainment*, 975 F.Supp. 623, 636 (D.N.J. 1997). Plaintiff submits along with his moving papers a copy of a fax from Hiram D. Gordon of the new York law firm Janvey, Gordon, Herlands, Randolph & Cox LLP. The fax is addressed to Lisa Walzer, Plaintiff's ex-wife, and a copy of a 1991 joint customer agreement with Lisa Walzer and

4

Plaintiff as signatories is included. *See* Walzer, July 5, 2005.  The evidence that Plaintiff submits, namely a copy of the 1991 joint agreement is not relevant to his case before this Court or relevant to the Court's disposition of the matter previously before it.

No new evidence has been presented with respect to the issue of arbitrability and the terms of the joint customer agreement were not in issue when this Court decided the prior motion to dismiss.  Plaintiff's motion cannot succeed on the second ground.

B.  <u>Clear Error of Law or Manifest Injustice</u>

Reargument is not appropriate where the motion essentially raises only a party's disagreement with the court's initial decision. *See Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J. 1988).

i. <u>Retaining Counsel</u>

Plaintiff contends that it is unjust that he was not permitted to retain counsel in this matter and that the court should adjourn the current matter until he is able to retain counsel.

In its Opinion, this Court stated, "[p]laintiff is perfectly free at anytime to abandon his pro *se* status and retain an attorney, but he has failed to do so after many months of litigation." (Opinion at 12, FN 5).  In December 2003, Plaintiff, filed his action against Siebert in the New York State Supreme Court.  That court held a hearing in 2004 during which Plaintiff discharged his counsel and proceeded *pro se*.  Plaintiff, still *pro se*, filed his Complaint in this court on November 17, 2004.  The following year, on March 22, 2005, Defendants Siebert, Bono, Koske, and Ms. Siebert filed their motion to dismiss Plaintiff's Complaint.  On March 31, 2005, Defendant National Financial Services ("NFS") joined in the motion to dismiss Plaintiff's

Complaint. The initial return date for the motions was April 25, 2005. As a result of the case having been reassigned on April 13, 2005, a new return date of June 27, 2005 was set. Plaintiff filed a last minute motion to withdraw as *pro se* and retain counsel on June 20, 2005, only one week prior to the return date for the motions. Plaintiff had approximately three months to retain counsel as he contemplated his opposition to Defendants' motions, and more than a year to obtain counsel since the filing of his Complaint in this Court. Although Plaintiff's opposition was originally due on April 11, 2005 (on account of the April 25, 2005 return date), Plaintiff did not seek counsel and still was *pro se* when he filed his opposition more than two months later on June 20, 2005.

      Courts in this circuit have not permitted a litigant to prolong the resolution of a matter because counsel has not been obtained. *See Morris v. American Postal Workers Union, AFL-CIO*, 1991 WL 157310, *2 (E.D.Pa. 1991). Plaintiff submits a letter dated June 21, 2005, addressed to him from Morgan W. Bentley, Esq. as evidence that he had obtained counsel as of June 21, 2005 (prior to the June 27, 2005 return date on Defendants' motion to dismiss). *See* Walzer July 15, 2005. Oral arguments on the motion were held on June 27, 2005 and Plaintiff appeared alone. Almost three months have passed since that time and there is still no attorney of record, and Plaintiff filed the current motions as a *pro se* plaintiff. Plaintiff had a fair and reasonable time to obtain counsel in this matter and may obtain counsel to represent him at any time. Plaintiff will not be permitted to subvert the procedures of the Court through his inability to hire and retain counsel as a result of to his willful termination of counsel retained to represent him. *See Wilkerson v. Klem*, 412 F.3d 449, 460 (3d Cir. 2005).

      Plaintiff has informed the Court that he has, for the second time, dismissed his counsel

and now he seeks an extension of time to hire counsel "who can better edit and present his Reargument Motion into one document". *See* Walzer, Emergency Adjournment Request Motion at 2. This Court is well equipped to read and has in fact read all of the papers that Plaintiff has submitted.

ii. <u>Dismissal with prejudice</u>

Plaintiff contends that this Court erred when it dismissed his Complaint with prejudice. "New Jersey reposes within the discretion of its trial courts the "decision whether to dismiss with or without prejudice." *Dowdell v. Univ. of Med. and Dentistry,* 94 F.Supp.2d 527, 533 (D.N.J. 2000), citing *Cornblatt v. Barow*, 153 N.J. 218, 244 (1998). The New York State Court ordered that the matter go to arbitration. Such an order was final on the merits and therefore, when the same matter appeared before this Court, the law required that that portion of Plaintiff's Complaint be dismissed with prejudice because it could not be relitigated in this court because there had been a final judgment on the merits.[1] *See* Opinion 6-12.

In this case, there was a final disposition on the issue of arbitrability in the New York State court and Plaintiff is barred from bringing or maintaining that portion of his Complaint here. With respect to the Court's June 30, 2005 order, the Court clarifies that Plaintiff's Complaint with respect to the issue of arbitrability is dismissed with prejudice and his complaint on the merits is dismissed without prejudice.

---

[1] When a court orders dismissal without prejudice, the action is dismissed but the complainant may sue again on the same cause of action. On the other hand, when a court orders dismissal with prejudice, the complainant is barred from bringing or maintaining an action on the same claim or cause and it is *res judicata* as to every matter litigated.

Upon examining the papers submitted on this motion, Plaintiff does not claim an intervening change in law or put forth any new evidence regarding the other motions that this court denied: 1) motion to amend the complaint, 2) motion to adjourn and for additional time to answer, 3) motion for sanctions and 4) motion for default judgment. There is no manifest injustice or clear error of law regarding any of those motions, because Plaintiff's claims with respect to the issue of arbitrability would be futile, thereby eliminating his need to amend the Complaint or extend the time to answer or adjourn. Plaintiff has provided the court with no new information alleging that the Court made an error sufficient to grant his motion, and therefore his motion cannot succeed on the third ground and must be denied.[2]

C. <u>Motion for extension of time to file appeal</u>

On August 9, 2005 Plaintiff filed a motion for extension of time to file his appeal of this Court's June 30, 2005 order with the Court of Appeals for the Third Circuit. He sought the extension to pay the filing fee pending disposition of his motion for reargument addressed herein. On August 12, 2005 Plaintiff filed notice with this Court of his payment of the filing fee, and on or about August 22, 2005, this Court was notified by the Court of Appeals of the docketing of Plaintiff's appeal. Accordingly, Plaintiff's motion is denied as moot.

D. <u>Motion for extension of time to answer and/or to bar Defendants' opposition</u>

---

[2] Plaintiff has threatened that if this Court denies his motion for reargument, he will file: 1) a motion to alter or amend this Court's judgment pursuant to Fed.R.Civ.P. 59(e), or 2) a motion for relief from judgment or order pursuant to Fed.R.Civ.P. 60(b). However, a Rule 59(e) motion must be filed no later than 10 days after the entry of judgment and is synonymous with Plaintiff's current motion. It does not appear that Plaintiff would have relief under Rule 60(b).

On September 2, 2005, Plaintiff filed a motion seeking an extension of time to answer due to the effect Hurricane Katrina had on his family.[3] In the same motion Plaintiff moved to bar Defendants' opposition to his motion for reargument. The court notes that Defendants filed their opposition in a timely manner, on August 29, 2005.[4] On September 6, 2005 Plaintiff submitted a comprehensive and comprehensible preliminary reply to Defendants' opposition to his motion. The totality of Plaintiff's papers address the grounds on which he seeks reconsideration and the court has examined all of Plaintiff's submissions and considered all of his arguments.[5] Granting Plaintiff's motion for an extension of time to answer would be futile.

### III. Conclusion

For the reasons set forth above, Plaintiff's motions are denied. An appropriate order will be entered.

---

[3] Plaintiff's daughter was enrolled at a university in New Orleans and safely returned to New Jersey, at which time, Plaintiff was burdened with helping her seek enrollment in another university.

[4] On the contrary, as discussed *supra,* Plaintiff has filed many, in fact the majority of his papers late (in many instances papers were filed after the return date for a motion), throughout this case without Defendants' objection and the court has permitted it.

[5] Plaintiff writes, "As you saw from my Adjournment request, I objected to the Defendant Mr. Cole having had the date for my Reargument Motion reset to Sept. 12th, without my being consulted, which not only gave him an extra month to prepare defendant Siebert's Reply, but also it turns out pushed my response week into the Labor Day vacation week." (Walzer, Preliminary Response to Defendant's Replies to Reargument Motion, at 2). Plaintiff seeks to create an issue where there isn't one. This court told Plaintiff on numerous occasions, and it will do so here again, that the court set the return date for his reargument motion devoid of any *ex parte* communication with or request from the Defendants.

                                               /s/ Dickinson R. Debevoise
                                              DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 15, 2005