UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------
                                                :
ANDREW WALZER                                   :
                                                :
     Plaintiff,                                 :
                                                :   Civ. No. 04-5672 (DRD)
          v.                                    :
                                                :
MURIEL SIEBERT & CO., INC.,                     :          O P I N I O N
NATIONAL FINANCIAL SERVICES LLC,                :
GERARD KOSKE, RONALD BONO, &                    :
MURIEL SIEBERT                                  :
                                                :
     Defendants                                 :
                                                :
---------------------------------------------------------------

Andrew Walzer
771 Bradley Parkway
Blauvelt, New York 10913

*Pro Se* Plaintiff

Morrill J. Cole, Esq.
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800

Attorneys for Defendants Muriel Siebert & Co., Inc., Gerard Koske, Ronald Bono, and Muriel Siebert

Rebecca Tapie, Esq.
Alyson Weckstein Tiegel, Esq.
BROWN, RAYSMAN, MILLSTEIN, FELDER & STEINER, LLP
163 Madison Avenue
P.O. Box 1989
Morristown, New Jersey 07062-1989

1

Attorneys for Defendant National Financial Services, LLC

**<u>DEBEVOISE, Senior District Judge</u>**

Plaintiff, Andrew Walzer, filed a complaint with this court on November 17, 2004 against Defendants, Siebert & Co. ("Siebert"), Gerard Koske, Ronald Bono, Muriel Siebert ("Ms. Siebert") and National Financial Services LLC ("NFS") alleging claims arising from the issuance of a margin call that resulted in the sale of securities in Plaintiff's account with Siebert. Plaintiff's claim was dismissed in an order dated June 30, 2005.

Since then, Plaintiff has filed numerous motions, including three motions for reconsideration, a motion to compel discovery, and five motions in which he sought extensions of time to file various papers. Each motion was dismissed or denied. Following each dismissal and denial, including the dismissal of his claim, Plaintiff filed a notice of appeal. Plaintiff also filed a motion requesting corrections to the docket in this case. That motion was granted in part and denied in part. Plaintiff filed a notice of appeal for that decision as well.

Presently before the court is Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b) in which he seeks relief from the prior judgments in this case. For the reasons set forth below, Plaintiff's motion will be dismissed.

## BACKGROUND

The facts of this case are detailed in the opinion dated June 30, 2005 and need not be repeated in full. For the present motion the following facts are pertinent:

Plaintiff filed an action against Siebert in New York State Supreme Court alleging, among other things, the improper sale of his securities and the mailing by Seibert of a fraudulent,

forged account and margin agreement.  On November 17, 2004, Plaintiff filed his complaint in this court, voicing the same allegations against Siebert, NFS, and individuals, Koske, Bono, and Ms. Siebert.

On December 21, 2004 the New York State Supreme Court rendered a decision in which it determined that Plaintiff's claims in that action were subject to arbitration.  It therefore ordered the matter stayed pending the conclusion of arbitration.  Accordingly, Plaintiff's claims in this court were dismissed on June 30, 2005 on grounds of *res judicata* and collateral estoppel.

## DISCUSSION

Rule 60(b) provides, in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment . . . .

"A motion filed pursuant to Rule 60(b) is 'addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'  Rule 60(b), however, 'does not confer upon the district courts a standardless residual of discretionary power to set aside judgments.'"  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998).  "Rule 60(b) must be applied 'subject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside . . . .'"

3

Moreover, the United States Court of Appeals for the Third Circuit has stated that the District Court has jurisdiction to decide "a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision" but does not have jurisdiction to decide a Rule 60(b) motion that is based on matters already before the appellate court. Bernheim v. Jacobs, No. 04-3016, 2005 WL 1515093, at *5 (C.A.3 (N.J.)).

In the present case, Plaintiff contends that he is presenting new evidence to support his case. However, none of Plaintiff's submissions contain any relevant evidence that was not already presented during prior proceedings. Nor does Plaintiff raise any arguments that were not previously raised. As those matters have already been decided, and as they are already pending before the Court of Appeals, this court no longer has jurisdiction to rule on Plaintiff's present motion. Thus, the motion will be dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for relief from the prior judgments in this case pursuant to Rule 60(b) will be dismissed. The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 14, 2006